**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

CARLA GONZALEZ,
and other similarly-situated individuals,

      Plaintiff(s),

v.

PARADISE 71, INC.,
MOSHE FINKEL, individually, and
GAD DAHAN, individually,

      Defendants.

_____/

## COMPLAINT

     Plaintiff, CARLA GONZALEZ ("Plaintiff"), by and through the undersigned counsel,

hereby sues Defendants and alleges:

1.   This is an action to recover money damages for unpaid overtime wages under the laws of

     the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act,

     29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2.   Plaintiffs are residents of Miami-Dade County, Florida, within the jurisdiction of this

     Honorable Court.   Plaintiffs are covered employees for purposes of the Act.

3.   Defendants PARADISE 71, INC., a Florida Profit Corporation, MOSHE FINKLE, and

     GAD DAHAN (collectively "Defendants"),[1] Florida residents, respectively, having their

     main place of business in Miami-Dade County, Florida, where Plaintiff worked for both

     Defendants, and at all times material hereto were and are engaged in interstate commerce.

     The Individual Defendants reside in Miami-Dade County, Florida.

---

[1] MOSHE FINKEL and GAD DAHAN are collectively referred to as the "Individual Defendants."

### COUNT I: WAGE AND HOUR FEDERAL STATUTORY
### VIOLATION AGAINST PARADISE 71, INC.

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiffs and those similarly-situated to recover from PARADISE 71 unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees ... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). PARADISE 71 is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, PARADISE 71 operates as an organization that sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and PARADISE 71 obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the PARADISE 71 was at all times material hereto in excess of $500,000 per annum, and/or

Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the PARADISE 71 is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant PARADISE 71.  Defendant PARADISE 71's business activities involve those to which the Fair Labor Standards Act applies. Plaintiff worked as a "Store Attendant" for Defendant PARADISE 71's business

8. While employed by PARADISE 71, Plaintiff normally worked in excess of forty hours a week without being compensated at the rate of not less than one and one half times the regular rate at which he/she was employed.

9. Plaintiff was paid approximately $8.31 an hour from 2006 through November 19, 2012, but Plaintiff was not properly compensated for overtime wages for the hours that he worked in excess of 40 hours per week.  During her employment, Plaintiff worked on average 67 hours per week without receiving overtime compensation for the hours in excess of forty.  Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint. Plaintiff is owed $12.47 an hour overtime for approximately 27 overtime hours worked from January 29, 2010 through November 19, 2012 (approximately 146 weeks), totaling $49,156.74 plus liquidated damages of $49,156.74 for the failure to pay these overtime wages plus all reasonable attorneys' fees and costs as provided by law.

10. At all times material hereto, PARADISE 71 failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by PARADISE 71 to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

11. PARADISE 71 knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with PARADISE 71 as set forth above, and Plaintiff is entitled to recover double damages.  PARADISE 71 never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

12. At the times mentioned, the Individual Defendants, were, and are now, the Directors and/or owners of Defendant PARADISE 71.  The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this Individual Defendants  acted directly in the interests of PARADISE 71 in relation to the employees of PARADISE 71, including Plaintiff and others similarly situated.   The Individual Defendants had operational control of the business, provided Plaintiff with his/her work schedule, and is jointly liable for Plaintiff's damages.

13. Defendant PARADISE 71 willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing

Plaintiff these overtime wages since the commencement of Plaintiff's employment with PARADISE 71 as set forth above.

14. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiffs and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

### JURY DEMAND

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST THE INDIVIDUAL DEFENDANTS

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. At the times mentioned, Individual Defendants, were, and are now, the Directors and/or owners of Defendant PARADISE 71. The Individual Defendants were employers of

Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that Individual Defendants acted directly in the interests of Defendant PARADISE 71 in relation to the employees of Defendant PARADISE 71, including Plaintiff and others similarly situated.   The Individual Defendants had operational control of the business and are jointly liable for Plaintiff's damages.

17. The Individual Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

18. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Individual Defendants on the basis of the Individual Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: _1/29/13_

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 W. Flagler St., Ste. 2200
Miami, FL 31330
Tel.  (305) 416-5000
Fax: (305) 416-5005

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637